UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JULIE-ANN MARCELLA BROWN,
THOMAS THEODORE SCHABLE,

       Plaintiffs,

v.

SUNRISE SENIOR LIVING MANAGEMENT, INC.,

       Defendant.
_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs JULIE-ANN MARCELLA BROWN ("Brown") and THOMAS THEODORE SCHABLE ("Schable") bring this action against Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC. ("Sunrise") and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendant as defined by the FLSA.

3. At all times material hereto, Sunrise was a foreign profit corporation that regularly transacted business in Broward County, Florida.

4. Sunrise's business involves operating assisted living facilities for elderly people.

5. Sunrise has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

6. Upon information and belief, Sunrise Senior Living Management, Inc.'s gross sales or business done was in excess of $500,000 per year at all times material hereto.

7. Sunrise Senior Living Management, Inc. was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

8. Brown worked for Sunrise as a resident services coordinator.

9. Schable worked for Sunrise as a director of sales.

10. Sunrise failed to pay Brown's full and proper overtime wages.

11. Sunrise failed to pay Schable's full and proper overtime wages.

12. Sunrise required Brown to work "off the clock" and without pay.

13. Sunrise required Schable to work "off the clock" and without pay.

14. Sunrise knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

15. Attached as **Exhibit A** is a preliminary calculation of Brown's claims. These amounts may change as Plaintiffs engage in the discovery process.

16. Attached as **Exhibit B** is a preliminary calculation of Schable's claims. These amounts may change as Plaintiffs engage in the discovery process.

17. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT AGAINST DEFENDANT SUNRISE</u>

18. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

20. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791